IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BRUCE FERRELL, ET AL.          )
                               )    Civil Action No. 06-484
                Plaintiffs,    )
                               )    Judge Donetta W. Ambrose
          vs.                  )    Magistrate Judge Lenihan
                               )
                               )
JEFFREY A. BEARD, Secretary;   )
ET AL.,                        )
                               )
                Defendants.    )


                MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


I.   RECOMMENDATION

         It is recommended that the Plaintiff's motion to

proceed in forma pauperis (Doc. No. 1) be denied in accordance

with 28 U.S.C. § 1915(g) and that this action be dismissed for

Plaintiff's failure to pay the filing fee, with the right of

Plaintiff to reopen by paying the full filing fee within sixty

(60) days.

II.  REPORT

     Plaintiff, Bruce Ferrell, is a prisoner presently confined

at the State Correctional Institution at Fayette.  He has

commenced the present action pursuant to the Civil Rights Act of

1871, 42 U.S.C. § 1983.  Named as Defendants are Jeffrey Beard,

Secretary of the Pennsylvania Department of Corrections (DOC) and

John Doe, Director of Bureau of Health Care.  For the reasons

that follow, the Complaint should be dismissed.

Dockets.Justia.com

A. <u>Plaintiff's Ability to Proceed IFP</u>

On April 12, 2006, Plaintiff filed an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) in this action (Doc. No. 1). Consequently, this Court is required to review Plaintiff's action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious

physical injury.  28 U.S.C. § 1915(g).[1]  Court records indicate that Plaintiff[2] has had as many as twenty-seven (27) prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in Ferrell v. Sigismonti, et al., Civil Action No. 94-3597 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d)[3] by Order dated June 20, 1994.  In Ferrell v. Librance, et al., Civil Action No. 94-3599 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated June 20, 1994.  In Ferrell v. Semeraro, et al., Civil Action No. 94-3601 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. §

---

1.  The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g).  See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

2.  It is noted by this Court that DOC's records reflect that on January 3, 2000, Plaintiff's inmate number changed from BA-6272 to EC-7373.  These numbers appear on the various docket sheets for Plaintiff's civil cases.  In addition, it is noted by this Court and DOC records that Plaintiff "Bruce Ferrell" uses several names, including "Wayne Ferrell," Dwayne Ferrell," and "Wayne Sundiata Ferrell."

3.  In the PLRA, Congress significantly amended former section 1915(d), which is codified at 28 U.S.C. § 1915(e).  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

1915(d) by Order dated June 20, 1994. In <u>Ferrell v. Nelson, et al.</u>, Civil Action No. 94-3602 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated June 15, 1994. In <u>Ferrell v. Murphy, et al.</u>, Civil Action No. 94-3604 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated June 15, 1994. In <u>Ferrell v. Ryan, et al.</u>, Civil Action No. 94-3605 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated June 20, 1994. In <u>Ferrell v. Hill, et al.</u>, Civil Action No. 94-5795 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated October 3, 1994. In <u>Ferrell v. Commonwealth, et al.</u>, Civil Action No. 94-6893 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated November 23, 1994. In <u>Ferrell v. Commonwealth, et al.</u>, Civil Action No. 94-6896 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated November 21, 1994. In <u>Ferrell v. Jury Commissioner, et al.</u>, Civil Action No. 94-5796 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated September 29, 1994. Plaintiff appealed this Order and the Court of Appeals for the Third Circuit dismissed the appeal as frivolous under 28 U.S.C. § 1915(d) by Order dated April 14, 1995. In <u>Ferrell v. Commonwealth, et al.</u>, Civil Action No. 94-6925 (E.D. Pa.),

Plaintiff's action was dismissed as frivolous under 28 U.S.C. §
1915(d) by Order dated November 23, 1994. In <u>Ferrell v.
Commonwealth, et al.</u>, Civil Action No. 94-6926 (E.D. Pa.),
Plaintiff's action was dismissed as frivolous under 28 U.S.C. §
1915(d) by Order dated November 21, 1994.  In <u>Ferrell v. City of
Philadelphia, et al.</u>, Civil Action No. 94-6927 (E.D. Pa.),
Plaintiff's action was dismissed as frivolous under 28 U.S.C. §
1915(d) by Order dated November 23, 1994.  In <u>Ferrell v.
Commonwealth, et al.</u>, Civil Action No. 94-6928 (E.D. Pa.),
Plaintiff's action was dismissed as frivolous under 28 U.S.C. §
1915(d) by Order dated November 21, 1994.  In <u>Ferrell v.
Commonwealth, et al.</u>, Civil Action No. 94-6929 (E.D. Pa.),
Plaintiff's action was dismissed as frivolous under 28 U.S.C. §
1915(d) by Order dated November 23, 1994.  In <u>Ferrell v. Muncer,
et al.</u>, Civil Action No. 95-2794 (E.D. Pa.), Plaintiff's action
was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order
dated May 15, 1995.  In <u>Ferrell v. John Doe, et al.</u>, Civil Action
No. 95-2800 (E.D. Pa.), Plaintiff's action was dismissed as
frivolous under 28 U.S.C. § 1915(d) by Order dated May 15, 1995.
In <u>Ferrell, et al., v. Vaughn, et al.</u>, Civil Action No. 95-3765
(E.D. Pa.), Plaintiff's action was dismissed as frivolous under
28 U.S.C. § 1915(d) by Order dated June 26, 1995.  In <u>Ferrell v.
John Doe, et al.</u>, Civil Action No. 95-3766 (E.D. Pa.),
Plaintiff's action was dismissed as frivolous under 28 U.S.C. §

5

1915(d) by Order dated June 20, 1995.  In <u>Ferrell v. Horne, et al.</u>, Civil Action No. 95-3767 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated June 26, 1995.  In <u>Ferrell v. Vaughn, et al.</u>, Civil Action No. 96-1304 (E.D. Pa.), Plaintiff's action was dismissed as frivolous under 28 U.S.C. § 1915(d) by Order dated February 23, 1996.  Plaintiff appealed this Order and the Court of Appeals for the Third Circuit dismissed the appeal as frivolous under 28 U.S.C. § 1915(d) by Order dated June 28, 1996.  In <u>Ferrell v. Horn, et al.</u>, Civil Action No. 99-275 (W.D. Pa.), Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e) by Order dated June 29, 2000.  In <u>Ferrell v. Horn, et al.</u>, Civil Action No. 99-276 (W.D. Pa.), Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e) by Order dated June 29, 2000. In <u>Ferrell v. Beard, et al.</u>, Civil Action No. 01-1372 (M.D. Pa.), Plaintiff's action was dismissed for failure to have exhausted his administrative remedies under 42 U.S.C. § 1997e by Order dated August 9, 2001. In <u>Ferrell v. Horn, et al.</u>, Civil Action No. 01-1137 (M.D. Pa.), Plaintiff's action was construed as a combined civil rights complaint and a petition for writ of habeas corpus; the civil rights portion of the action was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) by Order dated July 5, 2001.

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fail to indicate any imminent danger of physical injury caused by Defendants' alleged misconduct. Instead, Plaintiff merely claims that he is being

denied a food substitute for his fried, boiled and scrambled eggs. It is clear that no danger of serious physical injury can be derived from these allegations. Accordingly, Plaintiff's motion to proceed IFP should not be granted.

**III. <u>CONCLUSION</u>**

Based on the discussion above, it is respectfully recommended that Plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee within sixty (60) days.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated: April 20, 2006

```
cc:  BRUCE FERRELL
     EC-7373
     SCI Fayette
     Box 9999
     LaBelle, PA 15450-0999
```